# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA ELAINE HARE,<br><br>Plaintiff,<br><br>v.<br><br>LELAND DUDEK,<br>Acting Commissioner of Social Security[1],<br><br>Defendant. | Case No. 1:21-cv-01069 JLT HBK<br><br>ORDER GRANTING COUNSEL'S MOTION FOR ATTORNEY'S FEES<br><br>(Doc. 28)<br><br>ORDER DIRECTING THE CLERK OF COURT TO MAIL A COPY OF THIS ORDER TO PLAINTIFF |

Jonathan O. Peña of Peña & Bromberg, PC, counsel for Plaintiff Melissa Elaine Hare, seeks an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. 28.) Neither Plaintiff nor the Commissioner of Social Security opposed the motion. For the reasons set forth below, the motion for attorney's fees is **GRANTED** in the amount of $30,590.78, subject to an offset of $5,500.00 in fees previously awarded under the Equal Access to Justice Act.

**I.   Relevant Background**

Plaintiff entered into a "Fee Agreement [re:] Federal Court SSI/ Social Security Disability" with Counsel on June 28, 2021. (Doc. 28-3 at 1-2.) In the agreement, Plaintiff indicated that if she was awarded any past-due / retroactive benefits, she would pay 25% of the amount awarded to Counsel. (*Id.* at 1.) Pursuant to the terms, Plaintiff agreed: "[M]y attorney

---

[1] Leland Dudek became the Acting Commissioner of Social Security in February 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted as the defendant in this suit.

has the right under this contract to ask the court to award as much as 25% of my past-due benefits for representing me in court. If the court awards an attorney fee out of my past-due benefits and also awards an EAJA fee for that same work, my attorney must refund to me the smaller fee." (*Id.*) In addition, Plaintiff acknowledged the Social Security Administration would hold 25% of any past-due benefits for the payment. (*Id.*)

On July 8, 2021, Plaintiff initiated this action seeking judicial review of an administrative decision denying her claim for disability insurance benefits and supplemental security income benefits under the Social Security Act. (Doc. 1.) On December 19, 2022, the Court granted the parties' stipulation to a voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g). (Docs. 23, 24.) Following the entry of judgment in favor of Plaintiff, the Court awarded $5,500.00 in attorney fees under the Equal Access to Justice Act. (Docs. 26, 27.)

Upon remand, the Commissioner found Plaintiff was entitled to benefits beginning in January 2016. (*See* Doc. 28-2 at 2.) Plaintiff was awarded $122,363.12 in retroactive benefits,[2] from which the Administration withheld $30,590.78 for attorney's fees. (*Id.* at 3; Doc. 28 at 3.)

On February 12, 2025, Counsel filed this motion for attorney's fees in the amount of $30,590.78, with an offset for EAJA fees already awarded. (Doc. 28.) Counsel served Plaintiff with the motion by U.S. mail and notified her that any opposition was due within 14 days. (*Id.* at 1, 9.) Neither Plaintiff nor the Commissioner opposed the motion, or otherwise responded to the motion for fees.[3]

## II.     Attorney Fees under § 406(b)

Attorneys may seek a reasonable fee under the Social Security Act for cases in which they have successfully represented social security claimants. Section 406(b) allows:

> Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled …

---

[2] Plaintiff indicates this amount was calculated by multiplying the 25% of past due benefits amount by four ($30,590.78 x 4). (*See* Doc. 28 at 3; Doc. 28-2 at 2.)

[3] Pursuant to Local Rule 230(c), any opposition or notice of non-opposition was due within 14 days of motion filing date, or no later than February 26, 2025.

1  42 U.S.C. § 406(b)(1)(A).  Counsel for a plaintiff may recover attorneys' fees under both 42
2  U.S.C. § 406(b) and the EAJA.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  However,
3  counsel must refund to the plaintiff the amount of the smaller fee.  *Id.*

4  Fees in Social Security cases "are usually set in contingency-fee agreements and are
5  payable from past-due benefits awarded to the claimant." *Biggerstaff v. Saul*, 840 F. App'x 69,
6  70 (9th Cir. 2020); *see also Crawford v. Astrue,* 586. F.3d 1142, 1155 (9th Cir. 2009) (observing
7  that "virtually all attorneys charge a contingency fee" in Social Security cases).  District courts
8  "have been deferential to the terms of contingency fee contracts § 406(b) cases."  *Hern v.*
9  *Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).  Nevertheless, the Court must review
10 contingent-fee arrangements "as an independent check, to assure that they yield reasonable results
11 in particular cases."  *Gisbrecht*, 535 U.S. at 807.

12 In evaluating the reasonableness of a fee request, the Court should consider "the character
13 of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808.  The
14 Court should also consider whether the attorney performed in a substandard manner or engaged in
15 dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the
16 benefits received."  *Crawford*, 586 F.3d at 1149.  Importantly, a contingency fee agreement is
17 unenforceable if it provides for fees exceeding the statutory amount of 25 percent.  *Gisbrecht*, 535
18 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the
19 extent that they provide for fees exceeding 25 percent of the past-due benefits."); *see also*
20 *Crawford*, 586. F.3d at 1155 ("42 U.S.C. § 406(b) sets the maximum percentage that may be
21 charged for representing a claimant in district court at 25 percent of past benefits recovered).  The
22 burden is upon counsel to show the fees requested are reasonable. *Gisbrecht*, 535 U.S. at 807.

23 **III.    Analysis**

24 Plaintiff signed a contingent fee agreement providing "my attorney shall charge and
25 receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are
26 awarded to my family and me in the event my case is won."  (Doc. 28-3 at 1.)  Counsel accepted
27 the risk of loss in the action and expended a total of 25.5 hours while representing Plaintiff before
28 the District Court.  (Doc. 28-4 at 1.)  Tasks undertaken included reviewing the administrative

1   record, summarizing the medical evidence, legal research, and preparation of the confidential
2   letter brief.  (*See id.*)  The time Counsel spent representing Plaintiff was reasonable for the tasks
3   completed and does not appear inflated.
4       Counsel was ultimately successful in securing $122,363.12 in retroactive benefits for
5   Plaintiff.  (*See* Doc. 28-2 at 3.)  For this work, Counsel requests a fee of $30,590.78, which is the
6   amount of the past-due benefits withheld for fees.  (*See* Doc. 28 at 3.)  Because $5,500.00 was
7   previously approved under the EAJA and Counsel will refund this amount, the net cost to
8   Plaintiff is $25,090.78.  (*See* Doc. 28 at 6.)
9       Significantly, there is no indication that Counsel performed in a substandard manner or
10  engaged in severe dilatory conduct.  Plaintiff secured a remand for payment of benefits following
11  the appeal, including an award of past-due benefits beginning January 2016.  (Doc. 28-2 at 1.)
12  The fees requested are equal to the amount permitted under 42 U.S.C. §406(b), and the amount
13  agreed upon by counsel and Plaintiff.  (*See* Doc. 28-3 at 1.)  Plaintiff did not oppose Counsel's
14  request and thereby indicates an implicit belief that the amount requested for fees is reasonable.
15      Finally, Counsel's request for $30,590.78 in fees for 25.5 hours results in an hourly rate of
16  $1,199.63 for the work completed in this action, or $983.95 per hour paid by Plaintiff after the
17  offset.  (*See* Doc. 28 at 5.)  The Ninth Circuit found similar hourly rates were reasonable in Social
18  Security contingency fee arrangements.  *Crawford*, 586 F.3d at 1153 (explaining the majority
19  opinion found $902.00 was a reasonable hourly rate in 2009).  Recently, this Court also approved
20  a comparable hourly rate for work completed before the district court in a Social Security appeal.
21  *See Malta v. Comm'r of Soc. Sec.,* 2024 WL 3618430, at *3 (E.D. Cal. Aug. 1, 2024) (collecting
22  cases and finding the hourly rate of $1,553.87 for 28.30 hours of work was reasonable and
23  granting a request for fees under Section 406(b)).  Because the hourly rate falls within the range
24  of fees found reasonable by the Ninth Circuit and this Court, the rate does not weigh against
25  granting the fees requested.
26  **IV.     Conclusion and Order**
27      Based upon the tasks completed and results achieved following the remand for further
28  proceedings, the Court finds the fees sought by Counsel are reasonable.  *Gisbrecht,* 535 U.S. at

807-08. However, an award of Section 406(b) fees must be offset by any prior award of attorneys' fees granted under the EAJA. 28 U.S.C. § 2412(d); *Gisbrecht*, 535 U.S. 796. Because Plaintiff was previously awarded $5,500.00 in fees pursuant to the EAJA, Counsel shall refund this amount to Plaintiff. Accordingly, the Court **ORDERS**:

1. The motion for an award of attorney's fees (Doc. 28) is **GRANTED**.
2. Plaintiff's Counsel is **AWARDED** $30,590.78 in attorney fees pursuant to 42 U.S.C. § 406(b).
3. The funds **SHALL** be paid to Counsel out of the funds withheld by the Social Security Administration.
4. After payment of fees, any remaining funds being held by the Administration **SHALL** be released to Plaintiff Melissa Elaine Hare.
5. Plaintiff's Counsel **SHALL** refund $5,500.00 to Plaintiff as an offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).
6. The Clerk of Court is directed to serve a copy of this Order on Plaintiff at the following address:

>   Melissa Elaine Hare
>   9360 N Blackstone Space 230
>   Fresno, CA 93720.

IT IS SO ORDERED.

Dated: **March 5, 2025**

UNITED STATES DISTRICT JUDGE